FILED
SUPERIOR COURT
OF GUAM

2009 AUG -3 AM 8: 56

CLERK OF COURT
BY

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )   Criminal Case No. CF92-08
                              )
        Plaintiff,            )
                              )
    v.                        )   **DECISION AND ORDER**
                              )   re: Motion for Diversion
JAMIE J.D. TAITINGFONG,       )
                              )
        Defendant.            )
                              )
_____ )

This matter came before the Honorable Judge Michael J. Bordallo on June 22, 2009. The People were represented by Assistant Attorney Sally A. Tobin. Defendant was represented by Attorney Richard S. Dirkx. Having reviewed the memorandum and papers presented and held a hearing and trial the court now issues the following decision granting Defendants motion for diversion.

### BACKGROUND

On February 29, 2008, Defendant was indicted for Third Degree Criminal Sexual Conduct, a Second Degree Felony. The indictment alleges that on or about December 20, 2007, the Defendant engaged in sexual penetration with a minor between the age of 14 and 16 years of age. Defendant's birthday is November 20, 1989. The alleged victim's birthday is February 27, 1992. The testimony in this case indicated that on December 20, 2008, in a movie theater and during the course of the movie Defendant and the victim engaged in sexual intercourse which was initiated and agreed to, by the victim.

### DISCUSSION

Defendant pursuant to Section 30.80.1(a) of Title 9 of the Guam Code requests that these criminal proceedings be diverted in consideration of: 1) the respective ages of the Defendant and the victim; 2) the Defendant's lack of intellect: 3) the Defendant's lack of criminal history; 4) the Defendant's lack of sexual experience; 5) the Defendant's demeanor and character; and 6) the sexual aggressiveness and experience of the victim. *Mot.* at 2. The

People oppose Defendant's request and respond by arguing that Defendant has failed to show any facts which support the, unusual circumstances which are manifestly in the interest of justice standard, proscribed by Section 30.80(a)(4). 9 Guam Code Ann. § 30.80(a)(4) (2008). *Opp.* at 2.

Section 30.80(a)(4) of the Guam Code provides,

> Notwithstanding any other provision of law, and upon the determination of the judge, this § 30.80 shall apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household member as defined in subsection (b) of § 30.10 of this title.
> (a) The following persons are ineligible for the diversion process:
> 1. A defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;
> 2. A defendant who has been diverted pursuant to this section within five (5) years prior to the commission of the charged offense whether or not the prior diversion resulted in expungement;
> 3. A defendant who has been sentenced for a violation of § 30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or
> 4. A defendant whose current charge involves serious bodily injury as defined in subsection (c) of § 16.10 of this Title, or criminal sexual conduct involving sexual penetration as defined in item (9) of subsection (d) of § 25.10, unless the court finds that due to unusual circumstances diversion of the criminal proceedings is manifestly in the interest of justice.

9 Guam Code Ann. § 30.80(a) (2008).

In this case it has been alleged by the People that the Defendant committed a criminal act against a family member. Subsection 30.10(a)(3) of Title 9 of the Guam Code defines family member as, "Adults or minors who are dating or who have dated." *Id* at §30.80(a)(3) (2008). Despite the victim's age from the testimony presented to it the court finds there was sufficient testimony to establish that the Defendant and the victim were dating.

The primary issue before this court is whether the unique facts of this case which include the victim and the Defendant's age and maturity, and the Defendant's mental

disability, constitute the unusual circumstances described by Section 30.80(a)(4) (2008). A review of the cases of the Guam Supreme and Appellate Court's decisions indicates that the interpretation of the Section 30.80(a)(4) discretionary language remains a question of first impression. Moreover a review of similar cases decided by the Superior Court of Guam demonstrate a pattern where boyfriend defendants would receive a deferred 1-8 year sentence, imposing 3 year term of formal probation.[1] In light of these facts as well as the apparent incongruence of the possible punishment, for which the court finds no ready lesser included offenses, the court finds that the facts of this case to be sufficiently unusual to allow the entry of the court's finding of innocence or guilt to be statutorily diverted.[2]

## CONCLUSION

For the reasons above Defendant's motion for diversion is granted. Pursuant to Section 30.80.1 of the Guam Code Defendant's criminal proceedings shall be diverted for 3 years. As mandated by Section 30.80.2 of Title 9 of the Guam Code, if the court finds that Defendant has failed to comply with the conditions of this diversion the court shall at that time pronounce its verdict of the Defendant's June 22, 2009, trial, and proceed with sentencing. 9 Guam Code Ann. § 30.80.2 (2008). The hearing to set forth the conditions of diversion shall be held on _August 19_, 2009 at _9:30 a_ m.

SO ORDERED this _31_ day of July 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

---

[1] The court is this sentence is referring to the following Superior Court of Guam cases: 1) *People v. Borja*, Criminal Case No. 0094-06; 2) *People v. Baza*, Criminal Case No. 00326-05; 3) *People v. Kazuma*, Criminal Case No. 0194-05; and 4) *People v. Abastas*, Criminal Case No. 0209-06.

[2] Because a trial has already occurred in this case a deferred plea is no longer a legal option.

Page -3-

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

8/12/09

Therese M. Bias
Deputy Clerk Superior Court of Guam